IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
IN OPEN COURT

JUN 3 0 2021

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED UNDER SEAL** |
| | ) | |
| | ) | CRIMINAL NO. 4:21CR __42__ |
| v. | ) | |
| | ) | 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) |
| ERIC LEE SMITH | ) | Conspiracy to Distribute and Possess |
| | ) | with Intent to Distribute 500 grams or more |
| | ) | of Methamphetamine |
| | ) | (Count 1) |
| | ) | |
| | ) | 21 U.S.C. § 856(a)(1) |
| | ) | Using and Maintaining Drug Premises |
| | ) | (Counts 2 - 3) |
| | ) | |
| | ) | 21 U.S.C. 841(a)(1) and (b)(1)(C) |
| | ) | Possession with Intent to Distribute |
| | ) | Methamphetamine |
| | ) | (Count 4) |
| | ) | |
| | ) | 18 U.S.C. § 924(c) (1)(A) |
| | ) | Possession of a Firearm in Furtherance of a |
| | ) | Drug Trafficking Crime |
| | ) | (Count 5) |
| | ) | |
| | ) | 18 U.S.C. § 924(c)(1)(A)(iii) and (B)(ii) |
| | ) | Possess, Carry, Use, Brandish, and |
| | ) | Discharge a Machine Gun in Furtherance of |
| | ) | a Drug Trafficking Crime |
| | ) | (Count 6) |
| | ) | |
| | ) | 18 U.S.C. § 922(o)(1) and 924 (a)(2) |
| | ) | Illegal Possession of a Machine Gun |
| | ) | (Count 7) |
| | ) | |
| | ) | 26 U.S.C. §§ 5861(d) and 5871 |
| | ) | Possession of an Unregistered Firearm |
| | ) | (Count 8) |
| | ) | |
| | ) | 18 U.S.C. §§ 924(d); |
| | ) | 21 U.S.C. § 853; |
| | ) | 28 U.S.C. § 2461 Forfeiture Notice |

1

<u>INDICTMENT</u>
JUNE 2021 Term – at Newport News, Virginia

<u>COUNT ONE</u>
(Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine)

THE GRAND JURY CHARGES THAT:

From in or about December 2019, the exact date being unknown to the Grand Jury, and continuously thereafter to on or about November 25, 2020, in the Eastern District of Virginia and elsewhere, the defendant, ERIC LEE SMITH (hereinafter SMITH) and unindicted co-conspirators known and unknown to the Grand Jury did unlawfully, knowingly, and intentionally combine, conspire, confederate and agree among themselves and with other persons, known and unknown to the Grand Jury, to commit one or more of the following offenses against the United States:

1. To unlawfully, knowingly and intentionally distribute and possess with the intent to distribute a Schedule II narcotic controlled substance, that is a mixture and substance containing 50 grams or more of methamphetamine, commonly known as "ice" and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

2. To knowingly and intentionally lease, rent, use, and maintain any place, permanently or temporarily, for the purpose of distributing and using a controlled substance in violation of Title 21, United States Code Section 856(a)(1).

<u>WAYS, MANNER, AND MEANS OF THE CONSPIRACY</u>

The primary purpose of the conspiracy was to make money through the distribution of methamphetamine in Gloucester County, Mathews County, King and Queen County, Middlesex County and Hampton Roads, Virginia within the Eastern District of Virginia. The ways, manner and means by which SMITH and unindicted conspirators known and unknown to the Grand Jury carried out the purposes of the conspiracy include, but are not limited to, the following:

1. It was a part of the conspiracy that defendant SMITH, would and did play different roles in the conspiracy, taking upon himself different tasks and participating in the affairs of the conspiracy through various criminal acts. Some of the roles, defendant SMITH, assumed and carried out included organizer, manager, distributor, supplier/alternate supplier, and facilitator for the drug trafficking conspiracy.

2. It was further a part of the conspiracy that defendant SMITH, and unindicted co-conspirators, did sell and distribute methamphetamine (a Schedule II controlled substance), to persons known and unknown to the Grand Jury in Gloucester County, Mathews County, King & Queen County and Middlesex County, Virginia in the Eastern District of Virginia.

3. It was further a part of the conspiracy that defendant SMITH, and unindicted co-conspirators, were engaged in the unlawful business of possessing with intent to distribute and distributing methamphetamine in Gloucester County, Mathews County, King and Queen County and Middlesex County Virginia in the Eastern District of Virginia for profit.

4. It was further a part of the conspiracy that through unindicted co-conspirators defendant SMITH, and unindicted co-conspirators, obtained methamphetamine from Arizona and caused it to be transported to the Eastern District of Virginia for resale by the defendant and his co-conspirators.

5. It was further a part of the conspiracy that defendant SMITH supplied quantities of methamphetamine to co-conspirator #1 located at **97 Ferrys Mill Road, Gloucester, Virginia. Through co-conspirator #1, SMITH supplied co-conspirator #2, co-conspirator #3, co-conspirator #4 and others.

6. It was further a part of the conspiracy that defendant SMITH, stored methamphetamine in King and Queen County, Gloucester, Virginia and Middlesex County.

7.  It was further a part of the conspiracy that defendant SMITH and co-conspirators used communication facilities and devices to facilitate the distribution of methamphetamine and to facilitate the transfer of drug proceeds.

## OVERT ACTS

In furtherance of the conspiracy and to bring about the objects and goals of the conspiracy, defendant SMITH and unindicted co-conspirators, committed overt acts in the Eastern District of Virginia and elsewhere, including but not limited to the following:

1.  At some point in December 2019, the exact date being unknown to the Grand Jury, at **97 Fary's Mill Road, Gloucester, Virginia, SMITH unloaded from his car, and carried into the residence approximately 6 pounds of methamphetamine contained in boxes.

2.  On various dates between January 2020 through March 2020, the exact dates being unknown to the Grand Jury, at **97 Fary's Mill Road, Gloucester, Virginia, SMITH provided methamphetamine to co-conspirator #1 for distribution and co-conspirator #1 provided United States currency from the proceeds of methamphetamine distribution to SMITH.

3.  On various dates between January 2020 through approximately March 2020, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia, co-conspirator #1 provided methamphetamine supplied to him by SMITH to co-conspirator #2, co-conspirator #3, co-conspirator #4 and others for distribution.

4.  On or about April 15, 2020, in Saluda, Virginia, SMITH possessed quantities of methamphetamine in the kitchen of a three-bedroom trailer belonging to Cooperating Witness #1 (CW #1).

5.  On or about April 15, 2020, in Saluda, Virginia, SMITH directed CW #1 to delete from her phone a photograph of methamphetamine in his possession while displaying a firearm to CW #1.

4

6. On various dates between in or about April 2020 through on or about October 6, 2020, the exact dates being unknown to the Grand Jury, at **97 Fary's Mill Road, Gloucester, Virginia, in the Eastern District of Virginia, SMITH provided methamphetamine to co-conspirator # 1 for distribution to other co-conspirators and co-conspirator #1 provided United States currency from the proceeds of methamphetamine distribution to SMITH.

7. On various dates between in or about April 2020 through on or about October 6, 2020, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia, co-conspirator #1 provided methamphetamine to co-conspirator #2, co-conspirator #3 and co-conspirator #4 and others for distribution.

8. On or about October 6, 2020, at **97 Fary's Mill Road, Gloucester, Virginia, in the Eastern District of Virginia, SMITH used marijuana at the premises.

9. At some point in 2020, at a location in Middlesex County, in the Eastern District of Virginia, SMITH while in possession of a quantity of methamphetamine and a firearm approached Cooperating Witness #2 (CW #2) at her residence and proposed she sell methamphetamine for him.

10. At some point in 2020, in the Eastern District of Virginia, SMITH fronted co-conspirator #3 a quantity of methamphetamine.

11. On or about November 25, 2020, in Mathews, Virginia, SMITH discharged and shot a 762 x 25mm PPS 43 type machine gun at co-conspirator #3 over a drug debt.

12. On or about November 25, 2020, after shooting co-conspirator #3, SMITH drove to Gloucester County and falsely stated he had been at CW#1's residence all morning.

13. On or about November 25, 2020, in King & Queen County, SMITH possessed a 7.62 caliber PPS-43 machine gun in a 2014 Chevrolet Cruze.

14. On or about November 25, 2020, in King & Queen County, SMITH attempted to burn clothing.

15. On or about November 25, 2020, in King & Queen County, SMITH possessed silencer components in a fire pit

(In violation of Title 21, United States Code, Section 846).

## COUNT TWO
(Using and Maintaining Drug Premises)

THE GRAND JURY FURTHER CHARGES THAT

At some point in December 2019, the exact date being unknown to the Grand Jury, through on or about October 6, 2020 Gloucester, Virginia, the defendant, ERIC LEE SMITH, did unlawfully and knowingly use and maintain a place located at **97 Fary's Mill Road, in Gloucester, Virginia, for the purpose of distributing and using a controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT THREE
(Using and Maintaining Drug Premises)

THE GRAND JURY FURTHER CHARGES THAT:

From on or about January 2020, through April 30, 2020, Virginia, in the Eastern District of Virginia, the defendant, ERIC LEE SMITH, did unlawfully and knowingly use and maintain a place located at *** Deer Lane, Saluda, Virginia, for the purpose of distributing and using a controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1).

6

## COUNT FOUR
### (Possession with Intent to Distribute Methamphetamine)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 15, 2020, in the Eastern District of Virginia, in Saluda, Virginia, the defendant ERIC LEE SMITH did unlawfully, knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1) (C).

## COUNT FIVE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 15, 2020, in the Eastern District of Virginia, the defendant ERIC LEE SMITH, did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking crime for which he could be prosecuted in a court of the United States, namely: Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment, and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b) (1) (C), as set forth in Count Four of this Indictment, which description of each said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c) (1)(A).

## COUNT SIX
### (Possession Brandishing and Discharge a Machine Gun in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 25, 2020, in Mathews County, in the Eastern District of Virginia, the defendant, ERIC LEE Smith, did knowingly and unlawfully possess, brandish, and discharge a firearm, that is, a 762 x 25mm PPS 43 type machine gun, as defined in Title 18, United States Code, Section 921(2), in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, Conspiracy to Possess With Intent to Distribute and Distribute methamphetamine in violation of Title 21, United States Code, Section 846 as set forth in Count One of this Indictment, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and (B)(ii).


## COUNT SEVEN
### (Illegal Possession of a Machine Gun)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 25, 2020, in King & Queen County, in the Eastern District of Virginia, the defendant, ERIC LEE SMITH, did knowingly and unlawfully possess, a firearm, that is a 7.62 caliber PPS-43 type firearm without any markings or serial number, that is, a machine gun, and a machine gun bolt and charging handle that are a combination of parts designed and intended, for use in converting a weapon into a machine gun and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person as defined in Title 18, United States Code, Section 921(23) and Title 26, United States Code Section 5845(b).

(In violation of Title 18, United States Code, Section 922(o)(1) and 924 (a)(2).

8

## COUNT EIGHT
(Possession of an Unregistered Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 25, 2020, in King and Queen County, in the Eastern District of Virginia, the defendant, ERIC LEE SMITH, did knowingly and unlawfully possessed firearms, as defined by Title 18, United States Code, Section 921(24), and Title 26, United States Code, Section 5845(a)(7), namely a completed firearm silencer and nine parts each constituting a firearm silencer which was not registered to him in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841.

(In violation of Title 26, United States Code, Sections 5861(d) and 5871.

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.  The defendant, if convicted of any of the violations alleged in Counts One through Five of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a.  Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and

    b.  Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

2.  The defendant, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

3.  If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Sections 924(d); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461).

9

UNITED STATES v. ERIC LEE SMITH

Criminal No. 4:21cr 42

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: _____
Lisa R. McKeel
Assistant United States Attorney

_____
Howard J. Zlotnick
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866